UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case No. 21-cr-0236-bhl

v.

LOUIS LOMAS,

        Defendant.

## ORDER DENYING DEFENDANT'S MOTION FOR EARLY TERMINATION OF SUPERVISED RELEASE

Defendant Louis Lomas was charged and pleaded guilty to conspiracy to possess with the intent to distribute and distribution of cocaine in the Northern District of Texas. (ECF No. 1-2 at 1.) On June 29, 2011, he was sentenced to 150 months' imprisonment to be followed by five years' supervised release. (*Id.* at 1-6.) Lomas ultimately served portions of his sentence in Wisconsin. On November 17, 2020, he reported to the Federal Reentry Center, Parsons House, to serve the remainder of his period of incarceration. (ECF No. 7 at 1.) While at the reentry center, Lomas received incident reports for: (1) violating a condition of community programming; (2) being in an unauthorized area; and (3) use of a narcotic drug, specifically, amphetamines. (*Id.*) Due to this misconduct, on April 6, 2020, his conditions of supervised release were modified to require his participation in substance abuse testing and treatment and to include a search condition. (*Id.*)

On October 20, 2021, Lomas began his term of supervised release in this district, although, at the time, his case remained with the Northern District of Texas. (*Id.*) On October 25, 2021, Probation notified Lomas's supervising court that he had provided a urinalysis specimen that tested positive for the use of marijuana. (*Id.*) The following month, on November 18, 2021, Lomas's supervision was transferred to this Court and assigned Case No. 21-cr-0236. (*Id.*) On March 1, 2023, Probation reported that Lomas had submitted a urine sample that tested positive for cocaine. (ECF No. 4 at 1.) At Probation's recommendation, Lomas was continued on supervision. (*Id.*)

One year later, on March 21, 2024, Lomas filed a *pro se* motion for early termination of supervised release. (ECF No. 5.) The Court ordered the government and probation to respond. (ECF No. 6.) Both oppose Lomas's motion. (ECF Nos. 7 & 9.)[1]

Pursuant to 18 U.S.C. § 3583(e)(1), a district court may terminate a term of supervised release if (1) the defendant has completed at least one year of supervision; (2) the government is given notice and an opportunity to be heard; and (3) termination is in the interest of justice based on the defendant's conduct and the pertinent sentencing factors under 18 U.S.C. § 3553(a). *See United States v. Lowe,* 632 F.3d 996, 998 (7th Cir. 2011); *United States v. Mitchell,* No. 03–CR–194, 2013 WL 4763966, at *1 (E.D. Wis. Sept. 4, 2013) (citing *United States v. Medina,* 17 F.Supp.2d 245, 245–46 (S.D.N.Y. 1998)). The defendant bears the burden of demonstrating that early termination is justified. *Id.* Under most circumstances, early termination is granted when the defendant demonstrates that new or unforeseen circumstances make the original term greater than necessary, that his behavior has been exceptionally good, or that continued supervision may impede his rehabilitation. *See United States v. White,* No. 06–CR–50, 2012 WL 5198364, at *2 (E.D. Wis. Oct. 19, 2012) (collecting cases). Merely following the rules is insufficient to justify early termination.

Lomas argues that early termination is justified because he has maintained consistent employment and enjoys the support of his wife, children, and extended family. (ECF No. 5 at 1-2.) Lomas is also enrolled in a truck driving school to obtain a Class A Commercial Driver's License (CDL). (*Id.* at 2.)

The record confirms that Lomas satisfies the first two criteria for early termination of his supervised release. He has completed more than one year on supervision and notice has been provided to the government. The dispositive issue is therefore whether termination would be in the interest of justice. Lomas has not carried his burden on this requirement. He has not presented evidence of new or unforeseen circumstances warranting a reduction in the sentence initially imposed upon him. Nor does the record demonstrate that Lomas's behavior has been so exceptionally good that early termination of his supervised release is appropriate. While Lomas has demonstrated a willingness to work and prioritize his family, for which the Court commends

---

[1] The government asks the Court to consider its response *instanter*, due to issues in the U.S. Attorney's office that caused counsel not to respond timely. (ECF No. 9 at 1.) Given counsel's explanation, the Court will consider the response timely.

him, his record is not otherwise clean. He has incurred a number of violations that included the unlawful use of a controlled substance. And Lomas has not shown or even argued that supervision unfairly interferes with his rehabilitation or entrepreneurial goals.

Lomas also has an extensive criminal history, including ten criminal convictions for weapons, drugs, and financial-related-offenses, as well as one prior felony drug distribution conviction. (ECF No. 7 at 3.) Lomas's role in the instant offense was that of a top co-conspirator involved in a drug trafficking organization, shipping kilo-quantities of cocaine, methamphetamine, and marijuana from Chicago to Mexico. (*Id.*) When Lomas was arrested for the instant offense, two firearms, in addition to drugs, were seized from his residence where he was living with his wife and children. (*Id.*) Lomas also committed the instant offense while he was on state supervision for Attempted False Application of a Credit Card and Possession of Cannabis Less Than 2-5 Grams. (*Id.*)

The Court again commends Lomas for maintaining consistent employment and prioritizing his family. But that is only part of his obligation on supervised release. Lomas's conduct while on supervision has not been sufficiently exemplary to warrant early termination. The Court acknowledges that Lomas's most recent positive drug test was more than a year ago, and Lomas was placed in drug testing resulting in no further violations. If all goes as planned, Lomas will complete his sentence and be released from supervised release on October 19, 2026. He has not shown extraordinary circumstances that would justify moving that date forward. The Court finds that the pertinent 18 U.S.C. Section 3553(a) factors support continued supervision. Lomas's long criminal history coupled with the limited intrusion of supervision necessitates that he remains on supervised release to address the seriousness of his offense and promote respect for the law.

Accordingly, **IT IS ORDERED** that Defendant's *pro se* motion for early termination of supervised release, ECF No. 5, is **DENIED**.

Dated at Milwaukee, Wisconsin on April 16, 2024.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge